UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
JUAN OLIVER RAMIRERZ,

                Petitioner,

      -against-

**MEMORANDUM & ORDER**

04 CV 3227 (RJD)

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------------------------X
DEARIE, Chief Judge.

Petitioner's application for relief under 28 U.S.C. § 2255 is denied.

## BACKGROUND

In May 2002, petitioner and several others were named in a two-count indictment that charged them with conspiracy to distribute narcotics in violation of 21 U.S.C. § 841(a)(1) and laundering of narcotics proceeds in violation of 18 U.S.C. § 1956(a)(1)(A)(i). The underlying investigation revealed petitioner's role as leader of a New York area "cell" within a much larger Mexican cocaine trafficking operation. On March 19, 2003, pursuant to a plea agreement negotiated with the government, petitioner entered a plea of guilty before me to the money laundering charge.

The plea agreement explains that the money laundering count carries a twenty-year statutory maximum and no mandatory minimum, 18 U.S.C. §§ 1956(h); 1956 (a)(1)(A)(i), and estimates the corresponding guideline at between 63 and 78 months. The document also expresses, in plain language, petitioner's agreement "not to dispute" the stipulated guideline calculation and "not [to] file an appeal or otherwise challenge the conviction or sentence in the event that the Court

1

impose[d] a term of imprisonment of 78 months or below."

When accepting petitioner's plea, I reviewed with him in considerable detail the rights he was giving up by entering his plea, and inquired of him directly concerning the terms of the plea agreement. He satisfied me that that he appreciated the importance of the document, that he had talked with his attorney Thomas Dunne about the agreement, that he understood its terms, and that there were no promises that might have induced him to plead guilty other than what is contained in the agreement. I addressed separately the waiver of appeal rights and clarified for petitioner that "no matter how I get to the sentence . . . as long as I don't impose a sentence in excess of 78 months there is no right to an appeal." Petitioner affirmed that he understood. He then admitted that, in order to assist narcotics traffickers, he on several occasions couriered funds that he knew to be the proceeds of narcotics.

On September 22, 2003, I sentenced petitioner principally to a term of 63 months' custody and three years' supervised release. Following completion of his term of incarceration, on or about February 28, 2007, petitioner was deported to the Dominican Republic. He has since been indicted for unlawful re-entry under 8 U.S.C. § 1326. See *United States v. Juan Oliver Ramirez*, 09 CR 10339 (GAO) (D. Mass.).

## DISCUSSION

Petitioner makes one claim under §2255 and limits it as follows: "I did not appeal my conviction as per plea agreement, nor am I attacking my guilty plea. As per plea agreement. But I am collateral[ly] attacking my enhancements." Petition at 4. Citing Blakely v. Washington, 542 U.S. 296 (2004), petitioner argues that because "the enhancements were heard by the Honorable Judge and ruled on by a preponderance of the evidence," he was denied "the right to have [his] enhancements heard by a jury." Id. at 5-6.

Little discussion is required. Because petitioner is **not challenging** the validity of his plea agreement, his petition is barred by the express waiver of appellate and post-conviction rights in that agreement, which is fully enforceable. See, e.g., Jimenez v. United States, 2010 WL 2816973 (S.D.N.Y. July 15, 2010) (citing extensive authority). In any event, Blakely (and United States v. Booker, 543 U.S. 220 (2005), which I will assume petitioner also seeks to invoke), are inapplicable because they were issued after petitioner's conviction became final. See Green v. United States, 397 F.3d 101 (2d Cir. 2005) (neither Booker nor Blakely applies retroactively on collateral review).[1]

The application for relief under 28 U.S.C. § 2255 is denied and the petition dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability will not issue.

SO ORDERED.

Dated: Brooklyn, New York
August 1 7/2010

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

---

[1] Because petitioner did not file an appeal, his judgment of conviction, entered September 30, 2003, became final when his time to file a direct appeal expired ten days later. See Fed. R. App. P. 4(b) (pre-2009 amendment); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) ("for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"). Blakely was issued on June 24, 2004, and Booker the following year.

3